UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| GUY HENDRIX,<br><br>        Plaintiff,<br><br>    v.<br><br>THE KROGER CO.,<br><br>        Defendant. | CIVIL ACTION NO.<br>1:22-CV-01191-JPB |

### ORDER

This matter is before the Court on The Kroger Company's ("Defendant")

Motion for Summary Judgment [Doc. 25].  This Court finds as follows:

### PROCEDURAL HISTORY

This case arises from a slip and fall at a Kroger in Lawrenceville, Georgia.

Guy Hendrix ("Plaintiff") asserts five claims:  (1) premises liability; (2) vicarious

liability; (3) negligent training and supervision; (4) punitive damages; and (5)

attorney's fees and costs of litigation.  [Doc. 1-1].  On November 22, 2022,

Defendant filed the instant Motion for Summary Judgment.  [Doc. 25].  The

motion is now ripe for review.

## BACKGROUND

The Court derives the facts of this case from Defendant's Statement of Material Facts [Doc. 25-2], Plaintiff's Response to Defendant's Statement of Material Facts [Doc. 27], Plaintiff's Statement of Disputed Material Facts [Doc. 27] and Defendant's Response to Plaintiff's Statement of Additional Material Facts [Doc. 28]. The Court also conducted its own review of the record.[1]

Plaintiff did not comply with the Local Rules in responding to Defendant's Statement of Material Facts or in presenting his additional facts. Specifically, in responding to the material facts, the Local Rules provide that the Court will deem each of the movant's facts as admitted unless the respondent

> (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1).

LR 56.1(B)(2)(a)(2), NDGa. Here, in many instances, Plaintiff simply indicated that Defendant's fact was disputed without directly refuting the fact, stating a valid objection or pointing out that the citation does not support the fact. In other

---

[1] The Court notes that the record is extremely limited. It does not appear that either party took depositions. The only evidence that was submitted was one affidavit, a floor inspection report, the incident report and a picture of the spill.

instances, Plaintiff disputed the fact and stated that he "is unable to present evidence essential to justify this opposition" and "needs to extend the discovery period." [Doc. 27, pp. 14-15]. Ultimately, because Plaintiff has not complied with the Local Rules, the Court will deem Defendant's facts admitted.

As stated above, Plaintiff's Statement of Disputed Material Facts also does not comply with the Local Rules. The Local Rules state that the Court will not consider any fact that is "(a) not supported by a citation to evidence (including page or paragraph number); (b) supported by a citation to a pleading rather than to evidence; [or] (c) stated as an issue or legal conclusion." LR 56.1(B)(1), NDGa. Some of Plaintiff's facts are not properly supported by the citation provided, while other facts do not even include a citation. In accordance with the Local Rules, this Court will not consider unsupported facts or facts that Plaintiff raises solely in his brief. Consequently, for the purpose of adjudicating the instant motion, the facts of this case are as follows:

On May 10, 2020, at approximately 5:30 PM, Plaintiff slipped and fell while shopping at Kroger Store 440, a store owned by Defendant. [Doc. 25-4, p. 2]. According to Marc Beasley, who manages Kroger Store 440, store employees are trained to inspect floors and check for spills or other hazards. Id. at 2. If a spill is present, store employees are taught to guard the area or place a caution cone and

clean the spill using a pocket spill kit, Spill Magic or other means as appropriate. Id.  In addition to this training, store employees conduct store-wide floor inspections, which are commonly known as "Store Sweeps."  Id. at 3.  A Store Sweep, which is recorded through a punch-clock system, "involves an associate walking every aisle, while pushing a wide flat broom mounted with an absorbent head that readily picks up dust and absorbs liquid that may not even by visible." Id.  If an actual spill is present, the employee is trained to remedy it.  Id.

On the day that Plaintiff fell, fourteen Store Sweeps were completed.[2]  Id. Each Store Sweep took approximately thirty minutes.  Id.  The tenth Store Sweep of the day began at 3:53 PM and ended at 4:25 PM.  Id. at 5.  At 5:15 PM, fifty minutes after the tenth Store Sweep was completed and more than an hour after the start of the previous Store Sweep, the eleventh Store Sweep began.  Id.  Plaintiff fell at approximately 5:30 PM—sometime during the eleventh Store Sweep, which ended at 5:45 PM.  Id. at 2, 5.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

---

[2] Kroger Store 440 had a goal to complete eight or more Store Sweeps per day.  [Doc. 25-2, p. 3].

fact and the movant is entitled to judgment as a matter of law." A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Allen, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." Id. After the movant satisfies this initial burden, the nonmovant must show specific facts indicating that summary judgment is improper. Id. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).

If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'"  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citation omitted).

**DISCUSSION**

Defendant contends that it is entitled to summary judgment because Plaintiff has no evidence to support some of his claims.  Defendant further contends that it is entitled to summary judgment because it has a reasonable inspection procedure.

**1.  <u>Absence of Evidence</u>**

Defendant contends that it is entitled to summary judgment on several different issues because Plaintiff cannot present evidence regarding his claims. Specifically, as to Count One (premises liability), Defendant contends that "[t]here is no evidence sufficient to create an issue of material fact as to the existence of a hazardous condition on Defendant's premises" and that "there is no evidence whatsoever that Defendant had actual knowledge" of the hazard.  [Doc. 25-1, p. 10].  Defendant similarly states that the remaining counts (vicarious liability, negligent training and supervision, punitive damages and attorney's fees) "are totally unsupported by any evidence." <u>Id.</u> at 13.

As already stated above, a court should grant summary judgment when there are no genuine issues of material fact.  Fed. R. Civ. P. 56(a).  The movant bears the

6

initial burden of showing that it is entitled to summary judgment.  "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Importantly, "it is never enough simply to state that the non-moving party cannot meet its burden at trial."  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Summary judgment is inappropriate here because Defendant has done nothing more than state that Plaintiff cannot met his burden at trial.  Indeed, Defendant has not pointed to specific portions of the record in order to demonstrate that Plaintiff's evidence is lacking.  See United States v. Four Parcels of Real Prop. in Green & Tuscaloosa Cntys., 941 F.2d 1428, 1438 n. 19 (11th Cir. 1991) (stating that "it is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case" and explaining that "the moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof at trial").  Ultimately, the Court finds that Defendant

failed to discharge its initial burden, and therefore, to the extent that Defendant seeks summary judgment on this basis, the motion is **DENIED**.

## 2. Inspection Procedure

Defendant argues that it is entitled to summary judgment as to Plaintiff's premises liability claim because the evidence shows that it instituted a reasonable inspection procedure and followed it on the day of the incident.  In Georgia, an owner or occupier of land "owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk."  Tyree v. Westin Peachtree, Inc., 735 S.E.2d 127, 129 (Ga. Ct. App. 2012).  Importantly, proof of the occurrence of an injury, without more, is insufficient to establish liability.  Hayes v. SNS P'ship, LP, 756 S.E.2d 273, 275 (Ga. Ct. App. 2014).  "In order to recover, the plaintiff must prove that the defendant had superior knowledge of a dangerous condition that was unknown to the plaintiff that caused the plaintiff's injuries."  Id.

In the context of slip and fall cases, the plaintiff must prove that (1) the defendant had actual or constructive knowledge of the hazard and (2) the plaintiff lacked knowledge of the hazard, despite the exercise of ordinary care, due to actions or conditions within the control of the owner.  Lomax v. Kroger Co., 824 S.E.2d 629, 631 (Ga. Ct. App. 2019).  "'[C]onstructive knowledge may be inferred

when there is evidence that the owner lacked a reasonable inspection procedure.'" St. Joseph's Hosp. of Atlanta., Inc. v. Hall, 806 S.E.2d 669, 672 (Ga. Ct. App. 2017) (quoting Petrosky v. Embry Crossing Condo. Ass'n, 643 S.E.2d 855, 858 (Ga. Ct. App. 2007)).

In seeking summary judgment on the issue that it lacked constructive knowledge, a defendant has the initial burden of demonstrating that it exercised reasonable care in inspecting the premises.  Hill v. Publix Super Markets, No. 1:16-CV-4245, 2018 WL 11348585, at *5 (N.D. Ga. Feb. 5, 2018).  This requires the defendant to show not only that it had a reasonable inspection policy in place, but that the policy was actually carried out at the time of the incident.  Nealy v. Wal-Mart Stores E., L.P., No. 1:19-cv-01379, 2021 WL 3398145, at *9 (N.D. Ga. Jan. 26, 2021).  If the defendant makes this showing, the burden then shifts to plaintiff to show (1) how long the foreign substance was allowed to remain on the floor and (2) that the substance was on the floor long enough to impute knowledge of it to the defendant.  Hill, 2018 WL 11348585, at *5.  Importantly, a plaintiff "need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident."  Alatrista v. Publix Super Markets, No. 1:13-CV-3203, 2014 WL 4925650, at *2 (N.D. Ga. Sept. 29, 2014) (quoting Fred's Stores of

Tenn., Inc. v. Davenport, 703 S.E.2d 700, 702 (Ga. Ct. App. 2010)).  It is

important to note that in Georgia,

> summary adjudication as to constructive knowledge arising from
> the duty to inspect is not authorized absent plain, palpable and
> undisputable proof that customary inspection procedures or
> cleaning practices were in place, were actually followed and
> were adequate to guard against known or foreseeable dangers at
> the time of the patron's alleged injuries.

Burnett v. Ingles Markets, Inc., 514 S.E.2d 65, 68 (Ga. Ct. App. 1999).

Defendant presented evidence that it has specific policies and procedures in

place for inspecting for spills and other safety hazards.  Indeed, all employees are

responsible for making sure that the floors are clean and free of hazards, and they

are instructed to clean any spills that they may see.  Moreover, employees are

required to conduct Store Sweeps at least eight times per day whereby the entire

store is swept with a large moisture-absorbing broom.

"Putting aside whether this policy is reasonable, Defendant has not provided

plain, palpable, and undisputable proof that the inspection policy was actually

followed [on the day in question]." [3]  Lundy v. Publix Super Markets, Inc., No.

_____

[3] In this case, the evidence showed that the goal for Kroger Store 440 was to complete
eight Store Sweeps per day, which is less than one per hour if the store is open for more
than eight hours.  It is likely that a jury question exists as to whether the inspection
procedure here was reasonable.  See Johnson v. All Am. Quality Foods, Inc., 798 S.E.2d
274, 277 (Ga. Ct. App. 2017) (determining that a jury question existed as to whether a

1:20-cv-3405, 2022 WL 124553, at *4 (N.D. Ga. Jan. 13, 2022).  Here, the only
evidence that Defendant presented to support its assertion regarding its inspection
procedure was an affidavit of the store manager, who was not even on duty at the
time of Plaintiff's fall, and a printout containing the name of the employee who
conducted the Store Sweep and the time of the Store Sweep.  Significantly, the
store manager's affidavit does not state that the store manager individually
conducted any inspections or witnessed any of the inspections that occurred.
Indeed, nowhere in the affidavit—or in any other evidence in the record—does
Defendant provide any specific information about the inspections at issue here.

   Ultimately, the Court finds that the evidence presented by Defendant is
insufficient to satisfy its burden to show that it had a reasonable inspection
procedure that was followed on the day in question.  See Lundy, 2021 WL 124553,
at *4 (finding the defendant's evidence insufficient where the store manager
merely stated that inspections occurred regularly and that all employees were in
compliance with the inspection policy); Davis v. Bruno's Supermarkets, Inc., 587
S.E.2d 279, 281 (Ga. Ct. App. 2003) (holding that a store manager's affidavit was
legally insufficient to support summary judgment where the store manager only

---

store's policy requiring hourly inspections was reasonable because a supermarket's
business creates conditions which cause slip and falls to occur with greater frequency).

presented evidence of the store's general inspection policies and procedures used on the day of the incident and failed to show that the manager "personally observed or conducted the inspection"); Nealy, 2021 WL 3398145, at *11-12 (concluding that a store was not entitled to summary judgment based on declarations that merely stated that inspections were conducted and procedures were followed); Shepard v. Winn Dixie Stores, Inc., 527 S.E.2d 36 (Ga. Ct. App. 1999) (reversing summary judgment to store because store manager's affidavit did not show that he had personal knowledge of the inspection procedure carried out on the specific day, even though he would, as manager, have had personal knowledge of the general inspection procedure). To the extent that Defendant seeks summary judgment on the ground that it followed a reasonable inspection procedure, the motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. 45] is **DENIED**. The parties are **HEREBY ORDERED** to file the Consolidated Pretrial Order required by Local Rule 16.4 within twenty-one days of entry of this Order. The parties are notified that a failure to comply with this Order may result in sanctions, including dismissal of the case or entry of default

judgment.  In the event a Consolidated Pretrial Order is not filed, the Clerk is

**DIRECTED** to submit the case at the expiration of the twenty-one-day period.

    **SO ORDERED** this 31st day of July, 2023.

J. P. BOULEE
United States District Judge